[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Board of Tax Review for the city of Milford and is taken pursuant to Public Act 91-221.
The plaintiff, Patricia M. Shust, on October 1, 1991 (the "assessment date"), and at all relevant times herein, was the owner of certain real property located in the city of Milford, County of New Haven and State of Connecticut at 69 Point Beach Drive.
The assessor of the city of Milford valued the property on said assessment date as follows:
FAIR MARKET VALUE ASSESSED VALUE (70% OF FMV)
Land: $187,000.00 $130,000.00
Bldg. 60,200.00 42,140.00 ----------- ----------- TOTAL: $247,200.00 $173,040.00
The plaintiff duly appealed to the Board of Tax Review for the city of Milford claiming to be aggrieved and does claim to be aggrieved by the action of the assessor and offered to be sworn and to answer all questions concerning the property, and a hearing was held thereon; however, the Board made no changes in the valuation of the property.
After testimony of appraisers for the plaintiff and CT Page 8771 defendant, the court has determined that the fair market value of the land is in accordance with the testimony of the city of Milford and should remain at $187,000.00 with an assessed value of $130,000.00.
On said property, there is a structure which is labeled garage but has no physical or economic reasons for it being utilized as a garage and is a piece of property in complete disrepair. The court finds that the outer building has no apparent value other than the imprint of the base of said structure. However, said base could not be fully utilized and therefore the court reduces the value of said garage structure by $1,200.00.
Furthermore, the interior of the building was inspected by the appraiser for the plaintiff and not by the appraiser for the defendant as he did not request access to view said interior. The building including the out building had a fair market value of $60,200.00 and the assessed value was listed at $42,140.00.
The court upon hearing the testimony of the parties and the apparent below average condition of the interior of said dwelling reduces the fair market value including the out building by $6,200.00 leaving the fair market value of the building and out building at $55,000.00.
The assessed valuation at 70 percent of the land remains at $130,000.00. The assessed valuation of the buildings is reduced to $38,500.00 leaving the total assessed value to be $168,500.00.
The court hereby enters judgment in the amount of $168,500.00 as the total assessment and the court gives credit to the plaintiff for the past assessed years with costs and interest. Said assessment date was October 1, 1991.
BY THE COURT,
Philip E. Mancini, Jr. State Trial Referee